STATE OF MONTANA,
    Plaintiff,                      No. DC-00-197(B)
vs.                              Decision
WILLIAM R. HENDERSON,
    Defendant.

On September 19, 2002, the defendant was sentenced to the following: Count I: Attempted Deliberate Homicide, a Felony: Ninety (90) years in the Montana State Prison; Count II: Use of a Firearm During the Commission of a Felony, a Felony: Ten (10) years in the Montana State Prison to run consecutively with Count I.

On April 1, 2004, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Glen Neir. The state was represented by Dan Guzynski and Tim Wenz.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence be modified to the following: Count I: Ninety (90) years in the Montana State Prison, with Fifty (50) years suspended; Count II: Ten (1) years in the Montana State Prison to run consecutively with Count I.

By Order of the Division the conditions of the suspended sentence, as a result of modification of the sentence, shall be as follows:

1. The Defendant will be under the supervision of the Department of Corrections, subject to all rules and regulations of the Adult Probation and Parole Bureau.

2. The Defendant will not change his place of residence without first obtaining permission from his Probation/Parole Officer. His Probation/Parole Officer must approve the residence. The Defendant will make the home open and available for the Probation/Parole Officer to visit as required per policy. The Defendant will not own dangerous/vicious animals such as guard dogs, use perimeter security doors, or refuse to open the door of the residence when requested.

3. The Defendant will not leave his assigned district without first obtaining written permission from the Probation/Parole Officer.

4. The Defendant shall seek and maintain employment or a program approved by the BOPP or his Probation & Parole Officer. The Offender must obtain permission from his Probation and Parole Officer prior to any change of employment. The Defendant will inform his employer of his status on probation or parole.

5. The Defendant will personally report to his Probation/Parole Officer as directed. He will submit written monthly reports on forms provided. He will make himself available to his Probation/Parole Officer as requested.

6. The Defendant will not own, possess, or be in control of any firearms or deadly weapons, including black powder, as defined by state or federal law. Defendant will not possess chemical agents such as O.C. Spray.

7. The Defendant will obtain permission from his Probation/Parole Officer before financing or purchasing a vehicle, property, or engaging

in business. The Defendant will not go into debt without his Probation/Parole Officer's permission. Restitution, child support, fines, and fees will be the defendant's priority financial obligations.

8. Upon reasonable suspicion, as ascertained by the Probation/Parole Officer, the Defendant's person, vehicle, and/or residence may be searched at any time, day or night, without a warrant by a Probation/Parole Officer, ISP Officer or a Law Enforcement Officer (at the direction of the Probation/Parole/ISP Officer). The Defendant may also be searched at his place of employment. Any illegal property or contraband will be seized and may be destroyed. If the Defendant resides with other persons, all places in his residence where he has access is subject to search, even those private rooms of other persons with whom he resides, unless those rooms are locked and Offender does not have access.

9. The Defendant shall comply with all city, county, state, federal laws, ordinances, and conduct himself as a good citizen. The Defendant shall report any arrests or contacts with law enforcement to his Probation/Parole Officer within 72 hours. The Defendant will at all times be cooperative and truthful in all his communications and dealings with his Probation/Parole Officer.

10. The Defendant will not possess or use illegal drugs or any drugs unless prescribed by a licensed physician. The Defendant will not be in control of or under the influence of illegal drugs, nor will he have in possession any drug paraphernalia.

11. The Defendant will pay supervision fees as per state statute 46-23-1031. If convicted of a drug offense, the he may be ordered to pay $15 per month as per 45-9-202(2)(d)(ii).

12. The Defendant will pay a total surcharge in the amount of $120.00. The Defendant shall pay a surcharge to the County Clerk of Court in the amount of $25.00 for each misdemeanor or felony conviction for victims programs as provided for in section 46-18-236, M.C.A. The Defendant shall pay the greater of $20.00 or 10% of the fine levied to the Clerk of Court as provided for in Section 46-18-236, M.C.A The Defendant shall pay a surcharge to the County Clerk of Court in the amount of $5.00, pursuant to 3-1-317, M.C.A.

13. All above fees are to be paid to the Flathead County District Court Clerk's Office on a schedule to be determined by his Probation/Parole Officer.

14. The Defendant will apply any and all tax refunds towards his Court-ordered obligations until they are paid in full.

15. The Defendant will participate in any counseling deemed necessary.

16. The Defendant shall not use/drink intoxicants/alcohol, nor will he enter any place intoxicants are the chief item of sale. He will submit to Breathalyzer testing or bodily fluid testing for drugs or alcohol as requested by his supervising officer.

17. The Defendant will have no contact with persons, who use illegal drugs, abuse prescription drugs, and/or, abuse alcohol.

18. The Defendant will advise all medical personnel of his addiction history/conviction.

19. The Defendant will inform his Probation/Parole Officer of all prescriptions obtained from medical personnel, prior to filling them.

20. The Defendant shall not possess nor use any electronic device or scanner capable of listening to law enforcement communications.

21. The Defendant will abide by a curfew as determined necessary and appropriate by his Probation/Parole Officer.

22. The Defendant will not enter any casinos or play any games of chance.

23. The Defendant will not associate with probationers, parolees, prison inmates, or persons in the custody of any law enforcement agency without prior approval from his Probation/Parole Officer. He will not associate with persons as ordered by the Court or BOPP.

24. The Defendant will have no contact with the victim(s) in this case, **Kim Henderson, Bobbi Mager, Robert and Mary Henderson**, by any means including written, telephone, electronic device, by a third party or in person, without the prior approval of a Department of Corrections Representative.

25. The Defendant will submit to DNA testing as required by Title 44, Chapter 6, Part 1, M.C.A.

26. The Defendant will register as a Violent/Sexual Offender in compliance with Title 44, Chapter 23, Part 5, M.C.A. and give appropriate notice of any address change. The Defendant will submit to DNA testing.

27. The Defendant will submit to random or routine drug and/or alcohol testing.

28. The Defendant should be required to successfully complete an anger management program, a mental health evaluation, and chemical dependency treatment prior to becoming parole eligible.

The Division in making the modification finds the term to be clearly excessive, given the sentences for similar or greater crimes that have been imposed. It is the duty of the Division to make sure sentences are comparable across the state. The Division also gives consideration to the lack of any prior felony convictions on the part of the defendant. In all other respects, the sentence is affirmed.

Done in open Court this 1st day of April, 2004.

DATED this 30th day of April, 2004.

Chairperson, Hon. Marc G. Buyske, Member, Hon. John W. Whelan and Alt. Member, Hon. Gregory R. Todd.